LABRIE *v.* MANCHESTER.

Health officers have authority to employ nurses as servants of the town, to take care of helpless persons properly confined by such officers in a pest-house, and in need of nursing, which by reason of their confinement they cannot provide for themselves.

ASSUMPSIT for labor.   The health officers of the defendant city employed the plaintiff, for what her services should be worth, to nurse and care for several members of her father's family confined

with small-pox at the city pest-house, on the order of those officers. The inmates were confined against their own and their father's consent, and were helpless by reason of their confinement. The defendants denied their liability. The plaintiff had judgment, and the defendants excepted.

*Morrison & Bartlett*, for the plaintiff, cited *Farmington* v. *Jones*, 36 N. H. 271.

*Patten*, for the defendants, cited *Wilkinson* v. *Albany*, 28 N. H. 9; *McIntire* v. *Pembroke*, 53 N. H. 462.

ALLEN, J.   The health officers may remove any person infected with the small-pox, the malignant cholera, or other malignant, pestilential disease, to some suitable house, to be by them provided for that purpose, if it can be done without endangering the life of such person, and make such regulations respecting such house, and for preventing unnecessary communication with such persons or their attendants, as they may think proper; and if any person shall wilfully violate the same he shall forfeit fifty dollars, to be recovered by such health officers in the name of the town. Gen. St., c. 102, s. 2.

This statute authorized the defendants' health officers to remove to their pest-house, provided for the purpose, the members of the Labrie family infected with small-pox.   The reason of the law, and of the defendants' action under it, was not because the victims of the disease were paupers in need of assistance, nor because the defendants or their health officers owed them the duty of caring for or curing them, but because the public required protection against the spread of an infectious disease.   *Farmington* v. *Jones*, 36 N. H. 271, 272, 273.   The authority to provide a suitable house, confine infected persons within it, and make reasonable regulations to prevent communication with the occupants, carried with it the authority to take necessary measures for carrying into effect the regulations established by them, and to make the defendants liable for the necessary expense.   Having power to compel the confinement of infected persons and prevent their communication with others, and having exercised that power, it became their duty to provide for the wants of those confined there.   They could not shut them out from communication with their friends and with the world, and deprive them of any means of obtaining assistance, and at the same time lawfully withhold necessary support and care.   They could not establish a hospital without ordinary hospital accommodations, and they could not make the hospital a place of involuntary confinement and escape the duty of supplying the reasonable wants of those who, by confinement and seclusion, were prevented from applying to any one else for relief.   They could not furnish relief against the will of those confined, and afterwards recover the expense of them, or of

those liable in law to support them. *Farmington* v. *Jones, supra.* If the health- officers were obliged by law to confine persons infected with dangerous diseases, and it was their duty to nurse and support them, and they could not recover the reasonable expense from them or from their guardians, they would be remediless, unless they could charge the expense upon the city. The law does not require the performance of a duty, and at the same time withhold the means reasonably necessary for its performance.

In *Wilkinson* v. *Albany*, 28 N. H. 9, and *McIntire* v. *Pembroke*, 53 N. H. 462, it did not appear that the physicians' services, for which the towns were sought to be charged, were bestowed upon persons confined in a pest-house under regulations of the health officers, which barred them from obtaining assistance for themselves. It was not denied in either of the cases, that a municipal corporation would be liable for the reasonable care, nursing, and support of infected persons involuntarily confined by the proper authorities in a pest-house or small-pox hospital, lawfully provided for the purpose of preventing the spread of a malignant, pestilential disease. The plaintiff was entitled to recover of the defendants the reasonable value of her services.

                                        *Exceptions overruled.*

BINGHAM, STANLEY, SMITH, and CLARK, JJ., did not sit: the others concurred.